Submitted on record and briefs May 5, OAR 255-080-0012(2) held valid June 28, petition for review denied October 4, 2000 (331 Or 193)

SCOTT LOVELACE,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

(CA A107316)

7 P3d 671

Scott A. Lovelace filed the briefs *pro se.*

Philip Schradle, Assistant Attorney General, filed the brief for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

PER CURIAM

## PER CURIAM

In this original proceeding under ORS 183.400, petitioner challenges the validity of OAR 255-080-0012(2), which provides that the Board of Parole and Post-Prison Supervision "may open a case for reconsideration of a finding without receiving a request, without regard to time limits, and without opening all findings for review and appeals." Petitioner argues that the result of the rule is that no Board order is truly final. It follows, he asserts, that the rule is inconsistent with ORS 144.335, which requires the Board to make its decisions by final orders.

Petitioner confuses "finality" with "immutability." A "final order" is a written order that expresses final agency action, as distinguished from a preliminary or tentative ruling that precedes final action or that does not preclude further agency consideration of the subject matter. ORS 183.310(5)(b). Thus, the fact that the Board retains authority to reopen a previously decided case and to modify a final order regarding the case does not mean that the order is not final in the sense that it fails to provide a definitive determination of the issues before the Board. The order remains effective unless and until the Board subsequently acts to rescind it. Accordingly, there is no conflict between the rule and ORS 144.335.

OAR 255-080-0012(2) held valid.